Feng v. Garland

BIA
Poczter, IJ
A202 022 155

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of March, two thousand twenty-two.

PRESENT:
> ROBERT D. SACK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

CHEN FENG,
> *Petitioner,*

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-698
NAC

_____

FOR PETITIONER: Richard Tarzia, Esq., Belle Mead, NJ.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director,

Rachel P. Berman-Vaporis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chen Feng, a native and citizen of the People's Republic of China, seeks review of a February 5, 2020, decision of the BIA, which denied his motion to reopen and terminate his removal proceedings and affirmed a March 14, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Chen Feng,* No. A202 022 155 (B.I.A. Feb. 5, 2020), *aff'g* No. A202 022 155 (Immig. Ct. N.Y. City Mar. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA, considering only the BIA's ruling on Feng's motion to reopen and terminate and the adverse

credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). As an initial matter, the challenge to the agency's jurisdiction that Feng raised in his motion to reopen and terminate is foreclosed by our caselaw. He argued that his notice to appear ("NTA") was insufficient to vest jurisdiction with the IJ because it omitted the hearing date. However, "an NTA that omits information regarding the time and date of the initial removal hearing is . . . adequate to vest jurisdiction in the Immigration Court" where, as here, "a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019); *see also Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) (holding that "*Banegas Gomez* remains good law even after the Supreme Court's opinion in *Niz-Chavez* [*v. Garland*, 141 S. Ct. 1474 (2021)]").

We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would

be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" inconsistencies within and between an applicant's statements "without regard to whether" they go "to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on Feng's omissions and inconsistencies. He omitted from his written statements and asylum interview that, following his second arrest for attending an underground Christian church, he argued with police officers, and they choked him. The agency could reasonably conclude that these are details that he could be expected to reveal because his earlier statements contained other details of abuse by the police. *See Hong Fei Gao*, 891

4

F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances.").

The agency also reasonably relied on inconsistencies about whether Feng continued to attend church in China following his arrests. Feng testified that he continued to attend services but said in his original and amended statements that he "was afraid to attend anymore" following his second arrest. "The Court generally will not disturb adverse credibility determinations that are based on specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) (quotation marks omitted).

Given the omissions and inconsistences, the agency also reasonably relied on Feng's lack of corroboration in finding that his claim lacked credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to

5

corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). A letter from Feng's mother did not confirm details of the alleged beating, a certificate from Feng's church in China confirmed his membership but did not address the alleged persecution, and neither document addressed Feng's church attendance.

Given the omissions and inconsistencies in Feng's statements and his failure to rehabilitate his testimony with other evidence, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167–68; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum and withholding of removal.[1] *See* *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

[1] We find it unnecessary to reach the Government's argument that Feng waived his CAT claim.

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court